UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

PHILOMENE DUMENE,

    Plaintiff,

vs.

LAKESIDE HEALTH CENTER,

    Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, PHILOMENE DUMENE, by and through her undersigned counsel, and sues the Defendant, LAKESIDE HEALTH CENTER, and alleges as follows:

### **INTRODUCTION**

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### **JURISDICTION AND VENUE**

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### **PARTIES**

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

7. The Plaintiff had been employed with Defendant since 2013, and never had any issues with her work.

8. Then, around August of 2020, she was assigned a new supervisor, Maria Major, who started to cut her hours after Plaintiff told her that she was not feeling well.

9. Ms. Major eventually cut her from five days to four.

10. Anytime Plaintiff was feeling sick, Ms. Major would tell her that she would lose her job if she did not come in to work.

11. On December 29, 2020, Plaintiff had surgery due to her condition.

12. Right before she was scheduled to return to work, Ms. Major provided the numerous doctor's notes requested.

13. But in March of 2021, Plaintiff was told that Defendant could not keep her on the schedule.

14. Defendant attempted to appear to give her a temporary job at another location, under the direction of another company, but then that company claimed they actually had no position for her.

15. Thus, the Defendant failed to restore her to the prior position upon her return from leave, resulting in a violation of her FMLA rights.

## COUNT I

## FMLA INTERFERENCE

16. The Plaintiff incorporates by reference paragraphs 1-15 herein.

17. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

18. The Defendant unlawfully interfered with the Plaintiff's exercise of her FMLA rights by failing to reinstate her position, or equivalent thereto, upon her return from FMLA leave.

19. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

20. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, PHILOMENE DUMENE, requests that judgment be entered against the Defendant, LAKESIDE HEALTH CENTER, for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: August 19, 2021.          Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920